UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AARON SIMPSON, II,

        Plaintiff,                    Case Number 24-13243
v.                                              Honorable David M. Lawson
                                                    Magistrate Judge Kimberly G. Altman

EXPERIAN,

        Defendant.

_____/

## ORDER DENYING MOTIONS TO SEAL
## AND STRIKING IMPROPER FILINGS

After the Court issued an order and judgment dismissing this case, the plaintiff docketed a notice of appeal. Subsequently, the plaintiff filed two motions to seal and several other documents, which purport to be amended pleadings and related items.

The Court will deny the motions to seal because the plaintiff has not articulated any legal or factual basis for the relief sought. "The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden is a heavy one," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The plaintiff's motions to seal do not cite any legal authority for the proposed sealing, and the plaintiff has not put forth any facts to explain why the papers in question should be shielded from public view.

The plaintiff also filed several documents that were captioned as amended complaints and related "documents." However, the plaintiff has not sought leave to file any amended pleading.

*See* Fed. R. Civ. P. 15(a)(2). Moreover, this Court is without jurisdiction to proceed in any manner touching on the merits of the case while the appeal is pending. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Questions concerning amended pleadings are inherently bound up with those aspects of the case involved in the appeal of the Court's judgment of dismissal, and the Court presently lacks jurisdiction to entertain further proceedings on any such issues.

Accordingly, it is **ORDERED** that the plaintiff's motions to seal (ECF No. 44, 45) are **DENIED**.

It is further **ORDERED** that the plaintiff's amended complaints and related documents (ECF No. 46-50) are **STRICKEN**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:   December 16, 2025